UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL WAPPLER,

    Plaintiff,                                  Case No. 1:08-cv-629

v                                                     HON. JANET T. NEFF

ERICA HUSS, et al.,

    Defendants.
_____/

## OPINION

      This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983 alleging First Amendment retaliation and Eighth Amendment cruel and unusual punishment. Defendants filed a motion for summary judgment, arguing the absence of a genuine issue of material fact and immunity. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation recommending that this Court grant Defendants' motion in part and deny their motion in part. The matter is presently before the Court on both Plaintiff's and Defendants' objections to the Report and Recommendation (Dkts 81,83, 87). In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order pursuant to FED. R. CIV. P. 58.

1

**Defendants' Objections**

Defendants contend that the Magistrate Judge erred in deciding that Defendants are not entitled to qualified immunity. Defendants argue:

> Even in light of an inmate's clearly established federal right to be free from inhumane living conditions, it was not clear that an exception [to that right] did not exist in light of prison officials' reliance on ACA inspection reports and air flow ventilation checks indicating compliance. [Dkt 81 at 2-3]

Defendants' argument is illogical. Compliance with American Correctional Association (ACA) standards would not create an exception to the prisoner's right to be free from inhumane living conditions. Compliance, if it meant that the prisoner's living conditions were not inhumane, would mean that the prisoner's right was not violated in the first place. Therefore, Defendants' argument begs its own question, and is without merit.

The second objection is similar to the first, but merely represents a disagreement with the Magistrate Judge's opinion concerning qualified immunity, rather than an objection. Defendants assert it was objectively reasonable to believe that their actions — failure to remedy the hot conditions — did not violate the prisoner's rights because they reasonably relied on the ACA inspection reports. They therefore contend that they are entitled to qualified immunity. The Magistrate Judge, however, found the reports to be unreliable, noting Plaintiff's evidence that contradicts the ACA inspection reports. The Magistrate Judge held that there is "a genuine factual dispute as to whether Plaintiff is being confined 'under conditions posing a substantial risk of serious harm'" (Dkt 80 at 12). Therefore, Defendants' second argument is merely a disagreement with the Magistrate Judge's conclusion and fails to state an objection.

Defendants also object to the Magistrate Judge's recommendation that, because Plaintiff is requesting declaratory and injunctive relief, Defendants are not entitled to sovereign immunity.

Defendants contend that declaratory relief is unavailable to Plaintiff, arguing that there is no longer a need for prospective injunctive relief to end a continuing violation of federal law (Dkt 81 at 3). Defendants further argue that the injunctive relief sought by Plaintiff will result in "an improper intrusion on State officials' implementation of policies intended to ensure safety and security in the State's prisons" (Dkt 81 at 3). The Court finds it unnecessary to address these arguments.

Defendants did not present these theories to the Magistrate Judge, and the Court therefore deems the arguments waived. "While the Magistrate Judge Act, 28 U.S.C. § 631 *et seq.*, permits de novo review by the district court if timely objections are filed, absent compelling reasons, it does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate." *Murr v. United States,* 200 F.3d 895, 902 n. 1 (6th Cir. 2000). *See also United States v. Waters*, 158 F.3d 933, 936 (6th Cir.1998) (citing *Marshall v. Chater,* 75 F.3d 1421, 1426-27 (10th Cir. 1996) ("issues raised for the first time in objections to magistrate judge's report and recommendation are deemed waived")).

### Plaintiff's Objections

Plaintiff argues that the Magistrate Judge erred in failing to mention in the Report and Recommendation that Plaintiff is also seeking declaratory relief. This objection is without legal consequence. The Magistrate Judge did not dismiss any claim for declaratory relief.

Plaintiff next objects that the Magistrate Judge cited unpublished opinions that held that "being placed on modified access status in response to filing administrative grievances would not deter a person of ordinary firmness from filing non-frivolous grievances" (Dkt 83 at 2). However, the cited cases were relied on as persuasive, rather than binding, precedent. Plaintiff's second objection, therefore, is without merit.

Plaintiff further argues that the Report and Recommendation did not respond to his claim that his First Amendment rights were violated in that his access to courts was denied. He alleges that some of his grievances were not filed. The Magistrate Judge, however, properly categorized Plaintiff's claim as one for retaliation. Any other First Amendment claim was not raised in Plaintiff's complaint, and is therefore deemed waived. *Murr*, *supra*; *Waters*, *supra*.

For these reasons and because this action was filed *in forma pauperis*, this Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this Opinion and Order would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997).

An Order will be entered consistent with this Opinion.


Dated: September 17, 2009         /s/ Janet T. Neff
                                  JANET T. NEFF
                                  United States District Judge

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL WAPPLER,

        Plaintiff,                   Case No. 1:08 CV 629

v                                          HON. JANET T. NEFF

ERICA HUSS, et al.,

        Defendants.
_____/

**ORDER**

In accordance with the Opinion entered this date:

**IT IS HEREBY ORDERED** that Defendants' Objections (Dkt 81) and Plaintiff's Objections (Dkt 83) are DENIED and the Report and Recommendation (Dkt 80) is APPROVED and ADOPTED as the opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment (Dkt 34) and Defendant Haskins's Motion for Summary Judgment (Dkt 53) are GRANTED in part and DENIED in part. Specifically, the Plaintiff's First Amendment retaliation claims are dismissed. With respect to Plaintiff's Eighth Amendment claims, Plaintiff's claims for monetary damages asserted against Defendants in their official capacity are dismissed, but otherwise such claims go forward.

**IT IS FURTHER ORDERED** that the Court certifies pursuant to 28 U.S.C. § 1915(a) that an appeal of the Order would not be taken in good faith.


Date: September 17, 2009                               /s/ Janet T. Neff
                                                       JANET T. NEFF
                                                       United States District Judge